Michael Louis Kelly - State Bar No. 82063
mlk@kirtlandpackard.com
Behram V. Parekh - State Bar No. 180361
bvp@kirtlandpackard.com
Heather M. Peterson - State Bar No. 261303
hmp@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
Fourth Floor
El Segundo, California 90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

*Counsel for Plaintiff and all others similarly situated*

**FILED**
CLERK, U.S. DISTRICT COURT

JUL 1 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI LATTA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ORECK CORPORATION, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. **EDCV11-1082 VAP(DTBx)**<br><br>**CLASS ACTION**<br>**COMPLAINT FOR:**<br><br>**1. California False Advertising Act, California *Business & Professions Code* § 17500 *et seq.***<br><br>**2. California Unfair Competition Law, California *Business & Professions Code* § 17200 *et seq.***<br><br>**3. California Consumer Legal Remedies Act, California *Civil Code* § 1770 *et seq.***<br><br>**BY FAX**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff, Teri Latta, brings this action on behalf of herself and all others similarly situated against Defendant Oreck Corporation (hereafter "Oreck"). Plaintiff makes the following allegations upon information and belief, except as to allegations specifically pertaining to herself, which is based on personal knowledge.

## BACKGROUND

1.   Defendant Oreck Corporation has advertised, marketed, and sold its Oreck Halo vacuum cleaner (hereafter "Product" or "Halo") under the representations that it has certain health benefits, germ-killing properties, and allergy prevention abilities, which it does not have. Oreck has deceptively, falsely, and misleadingly promoted, labeled, advertised, and packaged the Oreck Halo and has used these deceptive, false, and misleading representations to sell the Oreck Halo at an inflated price to unsuspecting consumers.

2.   The Federal Trade Commission brought charges against Oreck for its false, misleading, and deceptive advertising relating to the Halo vacuum and in April of 2011 the FTC fined Oreck $750,000 relating to its false and unsubstantiated claims regarding the Halo.

## PARTIES

3.   Plaintiff Teri Latta is a resident of Riverside, California. Plaintiff purchased an Oreck Halo vacuum from Grainger Industrial Supply's website on May 31, 2011, after viewing marketing and advertising materials representing that the Oreck Halo had substantial health benefits including allergy and illness prevention properties due to its built in UV-C light chamber. In reality, however, the Oreck Halo does not have these health benefits and there is no reliable and significant scientific substantiation for these claims regarding the Oreck Halo's ability to prevent allergies, ailments, or illnesses.

4.   Defendant Oreck is a Delaware corporation which manufactures the Oreck

LAW OFFICES
KIRTLAND & PACKARD LLP

-2-

Halo vacuum and a number of other home cleaning products. Oreck sells the Oreck Halo throughout California.  Oreck sells its products directly to customers through its website www.oreck.com as well as through various online distributors and retailers nationwide.

5.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sues such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

6.    At all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each remaining Defendants.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

8.    Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendants have caused harm to Class members residing in this District.  Further, Plaintiff resides in this

KIRTLAND & PACKARD LLP

LAW OFFICES

1    District and Defendants conduct business throughout this District.

2    **FACTUAL ALLEGATIONS**

3    9.     The Oreck Halo is an upright vacuum cleaner with a HEPA filter bag and a

4           built in light chamber which generates UV-C spectrum light onto the floor

5           while vacuuming.

6    10.    Oreck represents, through marketing and advertising materials, that the Oreck

7           Halo kills and or eliminates all or virtually all bacteria, viruses, germs, molds,

8           and allergens present on the floor and or carpet areas which it vacuums.

9    11.    Oreck's advertising and marketing materials specifically claim that:

10          a.     The Halo will "Help reduce the flu on virtually any surface..."

11          b.     "The light chamber in the Oreck Halo has killed up to 99.9% of

12                 bacteria exposed to its light in one second or less."

13          c.     "The secret is the patented Halo Light chamber that creates a powerful

14                 germicidal wavelength of UV-C light that can kill and reduce up to

15                 99.9% of germs and bacteria helping you give your floors a healthier

16                 clean."

17   12.    Furthermore, Oreck's advertising and marketing materials represent,

18          expressly or by implication, that significant and reliable scientific testing

19          proves or substantiates these claims. One such infomercial advertisement

20          states, "In laboratory testing the Halo light chamber can kill flu virus and

21          e.coli bacteria in as little as .33 seconds. There is no extra work and no extra

22          cleaning."

23   13.    Oreck's infomercials and advertisements further deceive consumers and

24          misrepresent the abilities and illness prevention benefits and properties of the

25          Product by featuring doctors in lab coats making many of the deceptive and

26          misleading representations, reinforcing the implication that significant,

27          trustworthy, and reliable scientific testing substantiates and validates the

28          statements and representations made when in fact there are none.

LAW OFFICES
KIRTLAND & PACKARD LLP

14.	Through such misleading and deceptive advertising, Oreck has represented, expressly or by implication, that:

	a.	The Oreck Halo substantially reduces the risk or directly prevents the flu, the common cold, allergies, and asthma as well as various illnesses or ailments caused by bacteria, viruses, germs, allergens, dust, and molds;

	b.	The Oreck Halo's UV-C light chamber is effective in killing or eliminating all or virtually all common germs, allergens, bacteria, dust, mold, and viruses on carpets and other floor surfaces;

	c.	Significant and reliable scientific tests prove or substantiate the claims relating to the health benefits, illness prevention abilities, and germ, bacteria, and allergen killing properties of the Oreck Halo and its UV-C light chamber.

15.	In reality, there are no significant or reliable scientific tests which prove that the Oreck Halo, through normal use, will eliminate or kill all or virtually all germs, bacteria, allergens, or viruses found on carpets or floors. The representations made are thus false, misleading, and deceptive.

## PLAINTIFF'S EXPERIENCE

16.	Plaintiff purchased the Oreck Halo from Grainger Industrial Supply's website for a total of $687.67 after having viewed Oreck's false, misleading, and deceptive advertising, marketing materials, and representations.

17.	Plaintiff, an allergy sufferer, purchased the Halo instead of other less expensive vacuums as a direct result of these misleading and deceptive representations, believing that the Oreck Halo would alleviate her allergies and would kill or eliminate all or virtually all allergens, bacteria, germs, and/or viruses from her home's floor and carpet areas.

18.	Plaintiff, after frequent and repeated use of the Product, has not received any of the health benefits, allergy alleviation, or illness prevention properties

LAW OFFICES
KIRTLAND & PACKARD LLP

which she was led to believe use of the Product would result in. As such, the Product has been worthless to her in these regards and she has been damaged by her purchase of the product due to monies paid without benefits received.

## CLASS ACTION ALLEGATIONS

19.   This action is properly maintainable as a class action.  Plaintiff brings this class action for injunctive relief and damages on behalf of the following class:

> All persons located within California who purchased an Oreck Halo vacuum cleaner at any time during the four years preceding the filing of the initial Complaint (the "Class").

20.   Excluded from the class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

21.   **Numerosity:** The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the trade and commerce involved, Plaintiff believes that the total number of Class members is at least in the thousands and members of the Class are numerous and geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

22.   **Common Question of Law and Fact Predominate:** There is a well-defined community of interest in the questions of law and fact involved affecting the

LAW OFFICES
KIRTLAND & PACKARD LLP

Class and these common questions predominate over any questions that may affect individual Class members.  There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

    i.     whether Defendant's marketing and advertising were and are misleading;

    ii.    whether Defendant's representations were likely to mislead and did in fact mislead Plaintiff and Class members;

    iii.   whether Defendant has significant and reliable scientific substantiation for its claims regarding the Oreck Halo;

    iv.   whether Defendant misrepresented the health benefits of the Oreck Halo vacuum cleaner;

    v.    whether Defendant's conduct as alleged herein violates the Unfair Competition Law;

    vi.   whether Defendant's conduct as alleged herein violates the Consumer Legal Remedies Act;

    vii.  whether Defendant's conduct as alleged herein violates the False Advertising Law;

    viii. whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;

    ix.   whether Plaintiff and Class members are entitled to declaratory and injunctive relief; and

    x.    whether Defendant was willful, deceptive and oppressive in its conduct.

23.    These common questions of law and fact predominate over questions that may affect individual Class members in that the claims of all Class members

LAW OFFICES
KIRTLAND & PACKARD LLP

1     for each of the claims herein can be established with common proof.

2     Additionally, a class action would be "superior to other available methods for

3     the fair and efficient adjudication of the controversy," because (1) Class

4     members have little interest in individually controlling the prosecution of

5     separate actions because the individual damages claims of each Class

6     member are not substantial enough to warrant individual filings and (2)

7     because the disputed advertisements are common to all Class members and

8     because resolution of the claims of Plaintiff will resolve the claims of the

9     remaining Class, certification does not pose any manageability problems.

10   24.   **Typicality:** Plaintiff's claims are typical of the claims of the members of the

11       Class. Plaintiff and all members of the Class have been similarly affected by

12       Defendant's common course of conduct since they all relied on Defendant's

13       representations and paid for Defendant's Product based on those

14       representations.

15   25.   **Adequacy of Representation:** Plaintiff will fairly and adequately represent

16       and protect the interests of the Class. Plaintiff has retained counsel with

17       substantial experience in handling complex class action litigation. Plaintiff

18       and her counsel are committed to prosecuting this action vigorously on behalf

19       of the Class and have the financial resources to do so.

20   26.   **Superiority of Class Action:** Plaintiff and the members of the Class suffered

21       and will continue to suffer harm as a result of Defendant's unlawful and

22       wrongful conduct. A class action is superior to other available methods for

23       the fair and efficient adjudication of the present controversy. Class members

24       have little interest in individually controlling the prosecution of separate

25       actions because the individual damages claims of each Class member are not

26       substantial enough to warrant individual filings. In sum, for many, if not

27       most, Class members, a class action is the only feasible mechanism that will

28       allow them an opportunity for legal redress and justice.

LAW OFFICES
KIRTLAND & PACKARD LLP

KIRTLAND & PACKARD LLP
LAW OFFICES

27. Adjudication of individual class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

**FIRST CAUSE OF ACTION**

***Business and Professions Code § 17500***

**(Violation of the False Advertising Act)**

**(By Plaintiff and the Class Against All Defendants)**

28. Plaintiff hereby incorporates paragraphs 1-27 above as if set forth in full.

29. California *Business and Professions Code* § 17500 provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . ."

30. Defendant misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

31. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

32. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

**SECOND CAUSE OF ACTION**

**_Business and Professions Code_ § 17200, _et seq._**

**(Violation of the Unfair Competition Law)**

**(By Plaintiff and the Class Against All Defendants)**

33.   Plaintiff hereby incorporates paragraphs 1-32 above as if set forth in full.

34.   California _Business and Professions Code_ § 17200, _et seq._, (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

35.   The UCL imposes strict liability.  Plaintiff need not prove Defendant intentionally or negligently engaged in unlawful, unfair or fraudulent business practices—but only that such practices occurred.

36.   The material misrepresentations, concealment, and non-disclosures by Defendants Oreck Corporation and DOES 1-10 as part of their marketing and advertising of the Oreck Halo vacuum cleaner are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

37.   In carrying out such marketing, Defendant has violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.  Defendant's business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

38.   The harm to Plaintiff and members of the public outweighs the utility of Defendant's practices and, consequently, Defendant's practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

39.   Defendant's practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any

LAW OFFICES

KIRTLAND & PACKARD LLP

1  countervailing benefits to consumers or to competition, and is not an injury

2  the consumers themselves could have reasonably avoided.

3  40.  Defendant's practices, as set forth above, have misled the general public in

4  the past and will mislead the general public in the future.  Consequently,

5  Defendant's practices constitute an unlawful and unfair business practice

6  within the meaning of the UCL.

7  41.  Pursuant to California *Business and Professions Code* § 17204, an action for

8  unfair competition may be brought by any "person . . . who has suffered

9  injury in fact and has lost money or property as a result of such unfair

10  competition."  Defendant's wrongful misrepresentations and omissions have

11  directly and seriously injured Plaintiff and the putative class by causing them

12  to purchase an Oreck Halo vacuum cleaner based upon false and misleading

13  marketing and advertising.

14  42.  The unlawful, unfair, and fraudulent business practices of Defendant are

15  ongoing and present a continuing threat that members of the public will be

16  misled into purchasing an Oreck Halo vacuum cleaner based upon false and

17  misleading marketing and advertising.

18  43.  Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent

19  injunctive relief ordering Defendant to cease this unfair competition, as well

20  as disgorgement and restitution to Plaintiff and the Class of all of

21  Defendant's revenues associated with their unfair competition, or such

22  portion of those revenues as the Court may find equitable.

23  **THIRD CAUSE OF ACTION**

24  ***Civil Code* § 1770, *et seq.***

25  **(Violation of the Consumer Legal Remedies Act)**

26  **(By Plaintiff and the Class Against All Defendants)**

27  44.  Plaintiff hereby incorporates paragraphs 1-43 above as if set forth in full.

28

LAW OFFICES
KIRTLAND & PACKARD LLP

LAW OFFICES

KIRTLAND & PACKARD LLP

45. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760 *et seq.* The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

46. Plaintiff has standing to pursue this claim as Plaintiff purchased an Oreck Halo vacuum cleaner which was worthless to her. She purchased the Halo after viewing advertisements and marketing representations relating to the allergy alleviation properties and illness prevention benefits due to the germ, allergen, bacteria, and virus killing properties of the Halo's UV-C light chamber when, in fact, these properties and benefits do not exist and the Halo was thus a complete waste of money for Plaintiff in this regard.

47. Plaintiff has filed concurrently herewith the declaration of venue required by Civil Code Section 1780(d).

48. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the California Consumer Legal Remedies Act since Defendant is still representing that its Product has characteristics and abilities which are false and misleading, and have injured Plaintiff and the Class.

49. More specifically, Plaintiff alleges that Defendant has violated paragraphs 5, 7, and 9 of California *Civil Code* § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendant's unfair and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in Plaintiff and Class

members purchasing Defendant's Product, in violation of the CLRA.  Cal. Civil Code § 1770, *et seq.*

50.    As a result of Defendant's unfair and/or deceptive business practices, Plaintiff and all consumers who purchased Defendant's Product have suffered damage and lost money in that they paid for Products that did not have the benefits as represented.  Plaintiff seeks and is entitled to an order enjoining Defendant from continuing to engage in the unfair and deceptive business practices alleged herein.

51.    Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendant in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter").  If Defendant fails to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1.    For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2.    For certification of the putative class;

3.    For restitution and disgorgement of all money or property wrongfully obtained by Defendant by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

LAW OFFICES
KIRTLAND & PACKARD LLP

1    4.     For an accounting by Defendant for any and all profits derived by

2    Defendant from their herein-alleged unlawful, unfair, and/or fraudulent conduct

3    and/or business practices;

4    5.     An award of statutory damages according to proof, except that no

5    damages are currently sought on Plaintiff's Cause of Action regarding the

6    Consumer Legal Remedies Act at this time;

7    6.     An award of general damages according to proof, except that no

8    damages are currently sought on Plaintiff's Cause of Action regarding the

9    Consumer Legal Remedies Act at this time;

10    7.     An award of special damages according to proof, except that no

11    damages are currently sought on Plaintiff's Cause of Action regarding the

12    Consumer Legal Remedies Act at this time;

13    8.     Exemplary damages, except that no damages are currently sought on

14    Plaintiff's Cause of Action regarding the Consumer Legal Remedies Act at this

15    time;

16    9.     For attorneys' fees and expenses pursuant to all applicable laws

17    including, without limitation, Code of Civil Procedure §1021.5, the CLRA, and the

18    common law private attorney general doctrine;

19    10.    For costs of suit; and

20    11.    For such other and further relief as the Court deems just and proper.

21    DATED: July 11, 2011          KIRTLAND & PACKARD LLP

22

23                        By: _____

24                        MICHAEL LOUIS KELLY
                           BEHRAM V. PAREKH

25                        HEATHER M. PETERSON
                        *Counsel for Plaintiff and the Class*

26

27

28

LAW OFFICES
KIRTLAND & PACKARD LLP

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all issues so triable.

DATED: July 11, 2011                    KIRTLAND & PACKARD LLP

                                        By:  _____
                                             MICHAEL LOUIS KELLY
                                             BEHRAM V. PAREKH
                                             HEATHER M. PETERSON
                                             *Counsel for Plaintiff and the Class*

1    I, Teri Latta, declare as follows:

2    1.    I am a Plaintiff in this action, and am a citizen of the State of California.  I have

3    personal knowledge of the facts herein and, if called as a witness, I could and would testify

4    competently thereto.

5

6    2.    The Complaint in this action, filed concurrently with this Declaration, is filed in the

7    proper place for trial under Civil Code Section 1780(d) in that Los Angeles County is a county in

8    which Defendants are doing business.

9

10    I declare under penalty of perjury under the laws of the State of California that the foregoing is

11    true and correct.

12

13    _Teri Latta_ _____

       Teri Latta

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**DECLARATION RE VENUE**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 1082 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI LATTA, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ORECK CORPORATION, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**EDCV11-1082**VAP (DBx)<br><br><br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>ORECK CORPORATION</u>

    A lawsuit has been filed against you.

    Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael Louis Kelly</u>, whose address is <u>2361 Rosecrans Ave., Fourth Floor, El Segundo, CA 90245</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>JUL 11</u>

By: _____

**SUSANA P. BUSTAMANTE**

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI LATTA, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ORECK CORPORATION, a Delaware Corporation, and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**EDCV11-1082**VAP(DTBx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>ORECK CORPORATION</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael Louis Kelly</u> , whose address is <u>2361 Rosecrans Ave., Fourth Floor, El Segundo, CA 90245</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated: <u>JUL 11</u>

By: _____

Deputy Clerk

*(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                          **SUMMONS**                                          CCD-1A

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TERI LATTA, on behalf of herself and all others similarly situated, | ORECK CORPORATION, a Delaware Corporation, and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael Louis Kelly<br>Kirtland & Packard LLP<br>2361 Rosecrans Avenue<br>Fourth Floor<br>El Segundo, CA 90245<br>310-536-1000 | **BY FAX** |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined.

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1332(d)(2)(A) - Class Action Fairness Act. Plaintiff alleges that Defendant falsely misled the putative class to buy its product.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine |  | ☐ 540 Mandamus/ Other |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations |  | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise |  | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation |  |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure |  | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION |  | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights |  | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
|  | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions |  |  | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number:   EDCV11-1082

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
[ ] A.  Arise from the same or closely related transactions, happenings, or events; or
[ ] B.  Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D.  Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Latta - Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Oreck Corporation - Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Latta - Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date July 11, 2011

MICHAEL LOUIS KELLY

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |